NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HONG THANH DOAN,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 25-5714

Agency No.
A241-871-613

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Hong Thanh Doan petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's

(collectively, the "Agency") denial of: (1) his motion to reopen removal

proceedings and vacate a final removal order entered against him *in absentia*, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2) his motion to reconsider that decision. *See* 8 U.S.C. § 1229a(b)(5)(A), (C)(ii). We review for abuse of discretion the Agency's denial of a motion to reopen and denial of a motion to reconsider. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (motion to reopen); *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (motion to reconsider). In doing so, we review the Agency's legal conclusions de novo and its factual findings for substantial evidence. *Perez-Portillo*, 56 F.4th at 792. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the Agency's finding that the Notice to Appear ("NTA") was personally served on Doan, as required under the Immigration and Nationality Act. *See* 8 U.S.C. § 1229(a)(1). We apply "a presumption of regularity to the service of an NTA and will presume in the absence of clear evidence to the contrary that public officers properly discharge their duties." *B.R.*, 26 F.4th at 836 (citation modified). The Agency's finding that Doan signed the NTA was not based upon speculation, as Doan contends, but rather was based on the series of marks in the relevant signature box. *Cf. Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (finding no error where issuing officer's signature and title on the NTA were illegible). And the Agency did not err by weighing Doan's sworn statements against other evidence in the record. *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1079 (9th Cir. 2010) (providing that the BIA is required to weigh evidence contained in declarations and

supporting documents when evaluating a motion to reopen). Further, as we held in

*B.R.*, a petitioner's "declaration simply refuting personal service is insufficient to

overcome the presumption of regularity."[1] 26 F.4th at 836.

Because substantial evidence supports the Agency's finding that Doan was

personally served with the NTA, the Agency did not abuse its discretion in denying

his motion to reopen and his motion to reconsider that decision.

**PETITION DENIED.**[2]

---

[1] Doan's evidence of irregularities related to his release order and of his intent to contest removal does not amount to "clear evidence that contradicts a properly invoked presumption of regularity" as to personal service of the NTA. *B.R.*, 26 F.4th at 836 (internal quotation marks omitted).

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 21.

25-5714